IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED FINANCIAL CASUALTYCOMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-2897-DCN |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(Declaratory Judgment)** |
| ANTHONY BUTLER, COASTAL RECOVERY | ) | **(Non-Jury)** |
| SERVICES, KENNETH WILSON HEIRS AND | ) | |
| JOHN BOLAND A/K/A ROBERT BOLAND | ) | |
| D/B/A SOUTHCOAST TOWING RECOVERY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, United Financial Casualty Company (hereinafter referred to as "United"), complaining of Defendants, Anthony Butler (hereinafter referred to as "Butler"), Coastal Recovery Services (hereinafter referred to as "Coastal"), Kenneth Wilson Heirs (hereinafter referred to as "Heirs") and John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery (hereinafter referred to as "Boland") (hereinafter collectively referred to as "Defendants" where applicable), would respectfully show unto the Court the following:

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

**1.** That this is a declaratory judgment action brought pursuant to FED.R.CIV.P. 57 and 28 U.S.C. §§ 2201 and 2202 (1986), to determine the rights and obligations of United and Defendants under a written Commercial Automobile Insurance Policy, Policy No. 05700209-1, with effective dates of March 27, 2008, to March 27, 2009, issued by United to Boland, a copy of which Policy is attached hereto as Exhibit "1" and incorporated herein by reference (hereinafter referred to as the "Policy").

2. That United seeks a determination in this action as to whether it owes Coastal, Heirs and/r Boland a duty to defend and/or indemnify any or all of them under the Policy for an action brought against them by Butler filed in the Berkeley County Court of Common Pleas on June 10, 2011, styled *Anthony Butler, Plaintiff, v. Coastal Recovery Services, Kenneth Wilson Heirs and Robert Boland, Defendants*, and assigned Civil Action No. 2011-CP-08-1670 by the Berkeley County Court of Common Pleas (hereinafter referred to as the "Underlying Action").

3. That a copy of the complaint filed in the Underlying Action is attached hereto as Exhibit "2" and incorporated herein by reference.

4. That United is a corporation organized and existing under the laws of the State of Ohio, United's principal place of business is located in the State of Ohio, United is an insurance company within the meaning of Section 38-1-20(22), Code of Laws of South Carolina, 1976, and United is an admitted insurer within the meaning of Section 38-1-20(45), Code of Laws of South Carolina, 1976.

5. That, on information and belief, Butler is a citizen and resident of Berkeley County, South Carolina.

6. That, on information and belief, Coastal is the fictitious name of a limited liability company organized and existing pursuant to the laws of the state of Florida and is registered to do business in South Carolina under the laws of the State of South Carolina, whose principal place of business is in either Florida or South Carolina, and which conducts business in Berkeley County, South Carolina, under its fictitious name.

COMPLAINT

*United Financial Casualty Insurance Company v. Anthony Butler, Coastal Recovery Services,
Kenneth Wilson Heirs and John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery*

Page **2** of **8**

7. That, on information and belief, Heirs is a citizen and resident of Berkeley County, South Carolina.

8. That, on information and belief, Boland, whose real name is "John Boland," but who is incorrectly named as "Robert Boland" in the Underlying Action, is a citizen and resident of the Berkeley County, South Carolina, and does business under the name of Southcoast Towing Recovery, which is an unincorporated sole proprietorship.

9. That jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1332(a)(1) in that this action is between citizens of different states, and in that the matter in controversy exceeds the sum or value of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

10. That, on information and belief, venue is proper in this Court in that Butler, Heirs and Boland are citizens and residents of Berkeley County, South Carolina, Coastal is a Florida limited liability company which does business in Berkeley County, South Carolina, and the alleged incidents which give rise to the Underlying Action occurred in Berkeley County, South Carolina.

11. That the Policy provides in relevant part on Page 1, Page 3, Page 7, Page 8 and Page 11 of the **COMMERCIAL AUTO POLICY** as follows:

> If **you** pay **your** premium when due, **we** will provide the insurance described in this policy.

*  *  *  *

## GENERAL DEFINITIONS

**COMPLAINT**

*United Financial Casualty Insurance Company v. Anthony Butler, Coastal Recovery Services,
Kenneth Wilson Heirs and John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery*

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in the endorsements issued in connection with this policy, unless specifically modified.**

1. **"Accident"** means a sudden, unexpected and unintended event . . . that causes **bodily injury**. . . .

2. **"Auto"** means a land motor vehicle . . . designed for travel on public roads, or any other land vehicle that is subject to compulsory or financial responsibility law or other motor vehicle insurance law in the state . . . where it is licensed or principally garaged. . . .

3. **"Bodily injury"** means bodily harm . . . .

4. **"Declarations"** or **"Declarations Page"** means the document prepared by **us** listing **your** policy information, which may include the types of coverage **you** have elected, the limit for each coverage, the cost for each coverage, the specifically described autos covered by this policy, and the types of coverage for each specifically described auto.

5. **"Insured Auto"** or **"your insured auto"** means:

    a. Any **auto** specifically described on the **Declarations Page**. . . .

    \* \* \* \*

16. **"We"**, **"us"** and **"our"** mean the company providing this insurance as shown on the **Declarations Page.**

17. **"You"**, **"your"** and **"yours"** refer to the named insured shown in the **Declarations Page.**

## PART I – LIABILITY TO OTHERS

**INSURING AGREEMENT – LIABILITY TO OTHERS**

COMPLAINT

*United Financial Casualty Insurance Company v. Anthony Butler, Coastal Recovery Services,
Kenneth Wilson Heirs and John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery*

Page **4** of **8**

      **[W]e** will pay damages . . . for **bodily injury** . . . for which an **insured** becomes legally responsible because of an **accident** arising out of ownership, maintenance or use of an **insured auto**. . . .

* * * *

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A.    When used in this PART I – LIABILITY TO OTHERS, **insured** means:

    1.    **You** with respect to an **insured auto**.

    2.    Any person while using, with your permission, and within the scope of that permission, an **insured auto you** own, hire or borrow. . . .

* * * *

**<u>EXCLUSIONS</u> – PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDEN OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

1.    **Bodily injury** . . . either expected by or caused intentionally by or at the direction of any **insured.**

12.    That Butler alleges in pertinent part in the Underlying Action as follows:

    **A.**    That on or about June 13, 2008, Boland and Heirs attempted to enter Butler's property with a tow truck owned by Coastal, for the purpose of attempting to recover a vehicle owned by Raymond and Wanda President (hereinafter referred to as the "Presidents");

COMPLAINT

<i>United Financial Casualty Insurance Company v. Anthony Butler, Coastal Recovery Services,<br>Kenneth Wilson Heirs and John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery</i>

Page **5** of **8**

  **B.** That Butler asked Boland not to enter his property;

  **C.** That Butler, at some point during the attempted repossession of the vehicle by Boland and Heirs, he, Butler, observed police officers coming towards his house:

  **D.** That Butler later learned that police were responding to a Berkeley County Emergency 911 Services call from Boland and Heirs advising that Butler had pulled a shotgun on . . . a repossession agent [Boland and/or Heirs];

  **E.** That Butler was tased by the police officers and fell to the ground, and then tased two more times as he tried to get off the ground;

  **F.** That Butler suffered public humiliation, emotional distress and great pain as a result of the "assault" [on Butler by the police]; and,

  **G.** That Butler was unlawfully arrested by the police.

  **13.** That Butler alleges as causes of action as to Coastal, Heirs and/or Boland false arrest, false imprisonment, refusing or neglecting to prevent, malicious prosecution, malicious abuse of process, assault and battery, conspiracy, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress.

  **14.** That Butler seeks judgment against Coastal, Heirs and/or Boland in the Underlying Action in an amount exceeding three-hundred thousand and no one-hundredths dollars ($300,000.00) and such additional exemplary damages and for the cost of bringing the Underlying Action.

**COMPLAINT**

*United Financial Casualty Insurance Company v. Anthony Butler, Coastal Recovery Services,*
*Kenneth Wilson Heirs and John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery*

Page **6** of **8**

15. That, on information and belief, United is entitled to entry of judgment against Butler, Coastal, Heirs and/or Boland declaring that the incident giving rise to the Underlying Action is not covered under the Policy because the injuries Butler suffered, if any, from the incident out of which the Underlying Action arises, did not arise out of and in no way is causally connected to the "ownership, maintenance or use of an **insured auto**," because Coastal and/or Heirs are not "insureds" under the Policy and/or because the incident out of which the Underlying Action arises was "either expected by or caused intentionally by or at the direction of . . . [an] **insured**," and, therefore, United does not owe Coastal, Heirs and/or Boland a duty to defend and/or indemnify them in the Underlying Action, under the Policy.

**WHEREFORE**, Plaintiff, United Financial Casualty Company, having fully complained against Defendants, Anthony Butler, Coastal Recovery Services, Kenneth Wilson Heirs and John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery, prays that this Court enter judgment declaring that United Financial Casualty Company has no obligation to defend or indemnify Coastal Recovery Services, Kenneth Wilson Heirs and/or John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery in connection with the Underlying Action, awarding Plaintiff, United Financial Casualty Company, the costs and disbursements incurred in bringing this action, and awarding Plaintiff, United Financial Casualty Company, such other and further relief as this Court deems just and proper.

Respectfully submitted,

PRITCHARD & ELLIOTT, LLC

*s/Edward K. Pritchard, III*
Edward K. Pritchard, III

**COMPLAINT**

*United Financial Casualty Insurance Company v. Anthony Butler, Coastal Recovery Services,
Kenneth Wilson Heirs and John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery*

|  |  |
|---|---|
|  | Federal ID No. 4790 |
|  | 129 Broad Street, Post Office Box 630 |
|  | Charleston, SC 29401 |
|  | (843) 722-3300 Phone |
|  | (843) 722-3379 Fax |
|  | epritchard@pritchard-elliott.com |
| Charleston, South Carolina | Attorneys for Plaintiff |
| October 25, 2011 | United Financial Casualty Company |

**COMPLAINT**

*United Financial Casualty Insurance Company v. Anthony Butler, Coastal Recovery Services,
Kenneth Wilson Heirs and John Boland a/k/a Robert Boland d/b/a Southcoast Towing Recovery*

Page **8** of **8**