# EXHIBIT 2
Underlying Action *Butler v. Coastal Recovery Services, et al.*
Civil Action No 2011-CP-08-1670

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF BERKELEY )
)  CIVIL ACTION COVERSHEET
ANTHONY BUTLER )
         Plaintiff(s) )  2011-CP-08-1670
)
vs. )
)
COASTAL RECOVERY SERVICES, KENNETH WILSON )
HERIS AND ROBERT BOLAND )
         Defendant(s) )

(Please Print)
Submitted By: Shaheena Bennett
Address: 125-A West Main Street Moncks Corner SC 29461

SC Bar #: 71124
Telephone #: 719-2273
Fax #: 719-9675
Other:
E-mail: shaheena@bennettlawfirmllc.c

FILED 2011 JUN 10 PM 4: [?] MARY P. BROWN CLERK OF COURT BERKELEY COUNTY

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # 20___-CP-___ | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Notice/ File Med Mal (230) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Other (299) | ☒ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) False arrest/False Imprisonment | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | |
| | ☐ Sexual Predator (510) | |

Submitting Party Signature: /s/ Shaheena Bennett       Date: June 10, 2011

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (01/2011)                                                                 Page 1 of 2

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BERKELEY ) | FOR THE NINTH JUDICIAL CIRCUIT |
| ) | |
| ANTHONY BUTLER ) | Case No.: 2011-CP-08-1670 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| COASTAL RECOVERY SERVICES, ) | |
| KENNETH WILSON HEIRS ) | |
| & ROBERT BOLAND ) | |
| ) | |
| Defendants ) | |

FILED 2011 JUN 10 PM 4:36 MARY P. BROWN CLERK OF COURT BERKELEY COUNTY, SC

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint on the Plaintiff's Attorney at 125-A West Main Street, Moncks Corner, SC 29461, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the aforesaid action, and judgment by default will be rendered against you for the relief of demanded in the Complaint.

BENNETT LAW FIRM

BY: /s/ Shaheena Bennett
Shaheena Bennett
125-A West Main Street
Moncks Corner, SC 29461
(843)719-2273 Phone
(843)719-9675 Fax
Shaheena@bennettlawfirmllc.com

Attorney for the Plaintiff

This 10th day of June, 2011
At Moncks Corner, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BERKELEY ) | FOR THE NINTH JUDICIAL CIRCUIT |
| ANTHONY BUTLER ) | Case No.: 2011-CP-08-1670 |
| Plaintiff ) | |
| v. ) | COMPLAINT for DAMAGES |
| ) | JURY TRIAL DEMANDED |
| COASTAL RECOVERY SERVICES, ) | |
| KENNETH WILSON HEIRS ) | |
| & ROBERT BOLAND ) | |
| Defendants ) | |

**COMES NOW**, Plaintiff Anthony Butler, by his attorney, Shaheena Bennett, Esquire, hereby asserts the following claims against the Defendants COASTAL RECOVERY SERVICES, KENNETH WILSON HEIRS (hereinafter "Heirs"), and ROBERT BOLAND (hereinafter "Boland"), in the above-entitled action, respectfully allege and state unto This Honorable Court as follows:

## JURISDICTION and VENUE

1.. Plaintiff ANTHONY BUTLER is the injured party and at all times relevant to the facts in this complaint, is a resident Berkeley County, South Carolina.

2. Defendant Kenneth Wilson Heirs, upon information and belief, is a resident of Berkeley County, South Carolina and an employee of COASTAL RECOVERY SERVICES, out of which plaintiff's claim arose.

3. Defendant Robert Boland upon information and belief is a resident of Berkeley County, South Carolina and an employee of COASTAL RECOVERY SERVICES, out of which plaintiff's claim arose.

4. COASTAL RECOVERY SERVICES, upon information and belief is a corporation, duly formed and existing under the laws of the State of South Carolina, out of which plaintiff's claim arose.

## GENERAL ALLEGATIONS

5. On or about June 13, 2008 Defendants Boland and Heirs attempted to enter Plaintiff's property with a tow truck, owned by Defendant Coastal Recovery Services. Plaintiff asked the driver (Boland), not to enter his property.

6. Defendants attempted to enter the property of the Plaintiff. Plaintiff advised Defendants not to enter his property. Defendants attempted to retrieve a vehicle, not owned by the Plaintiff.

7. Plaintiff advised the car owner, Raymond and Wanda President that their vehicle was subject to being towed. Defendant Heirs and Boland spoke to vehicle owner.

8. Plaintiff observed police officers coming towards his house. Plaintiff was approached by Town of Moncks Corner Officer Padgett. Based on information and belief, unknown to Plaintiff at that time, the Officer responded to a 911 emergency call advising that a man with a shotgun was threatening a repossession agent.

9. Plaintiff was surrounded by officers, heard a shot and felt voltage running through his body. Plaintiff was tased. Plaintiff attempted to get off the ground and suffered another taser shot. Plaintiff received two additional taser shots. Plaintiff became disoriented and subsequently passed out. When Plaintiff was revived, he was on the front steps of his home in handcuffs and shackles.

10. The skin on Plaintiff's forehead was ripped off. Rocks and pebbles were on Plaintiff's face. Plaintiff had a bloody nose. Plaintiff's arms, shoulders, neck and knees were all in piercing pain. Plaintiff's knee was bruised. Plaintiff had no feeling in his right arm. Plaintiff was picked up off the ground and lead to the police car. Plaintiff was unable to hold his head up at that time. Plaintiff suffered public humiliation and emotional distress as neighbors and onlookers witnessed the assault.

11. Plaintiff, after being placed in the patrol car, advised the officers of the magnitude of the pain. Plaintiff was transported to the Hospital and subsequently taken to the Hill Finklea Detention Center where he was held until bond hearing. Plaintiff was required to post bond, and retain legal counsel to defend these unlawful charges.

12. Plaintiff later discovered that Defendant(s) Boland and Heirs contacted Berkeley County Emergency 911 Services to report that an individual, namely the plaintiff, had pulled a shot gun on them.

13. Police Officers conducted a search of Plaintiff's home, and automobiles and the areas surrounding the home. No Gun was found.

14. Plaintiff was subsequently charged with two counts of Assault. On the day of trial, both Assault charges were dismissed.

15. As a result of the injuries that occurred on June 13, 2008, Plaintiff had to have surgery on his arm.

## FOR A FIRST CAUSE OF ACTION
## FALSE ARREST

16. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 24 above with the same force and effect as if herein set forth.

17. The arrest, restraint, incarceration of Plaintiff was unlawful, and resulted from the intentional, malicious conduct of the Defendants, and caused injuries, losses and damages hereinafter described.

## FOR A SECOND CAUSE OF ACTION
## FALSE IMPRISONMENT

18. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

19. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff AND providing false information to the police, Defendants deprived Plaintiff of both his right to his liberty and freedom

## FOR A THIRD CAUSE OF ACTION
## REFUSING OR NEGLECTING TO PREVENT

20. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 30 above with the same force and effect as if herein set forth.

21. At all times relevant to this Complaint, Defendants Boland and Heirs as employees of Coastal Recovery Service was acting under the direction and control of Coastal Recovery Service.

22. Acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of South Carolina; and

(d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

23. Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

24. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant heretofore described.

25. As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth in paragraphs 20-24 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights.

## FOR A FOURTH CAUSE OF ACTION
### MALICIOUS PROSECUTION

26. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

27. Defendants instituted criminal process against the plaintiff with malice: and Defendants played an active part in the initiation of the criminal proceedings;

28. The charges were not based upon probable cause that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff was guilty. Defendants instigated or participated in the prosecution by pressing police to arrest and apply for a complaint for an improper offense.

29. The criminal proceeding terminated in favor of the plaintiff when the case was called for trial and subsequently dismissed.

## FOR A FIFTH CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS

30. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 29 above with the same force and effect as if herein set forth.

31. Defendants maliciously used a "legal process 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

32. Defendant Boland knew or should have known that the complaint was groundless and he sought to use the process for an ulterior purpose, including, but not limited to, the purpose of aiding in repossession of a motor vehicle.

33. Defendants knew or should have known that the complaint initiated was groundless.

34. Defendants used the legal process with the ulterior purpose, to wit, for personal financial benefit.

35. Defendants Coastal Recovery Services are liable under the doctrine of respondeat superior.

## FOR A SIXTH CAUSE OF ACTION
## ASSAULT AND BATTERY

36. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 35 above with the same force and effect as if herein set forth.

37. Without the consent of Plaintiff, Defendants intentionally, harmfully, and offensively caused police officers to touch Plaintiff by handcuffing him and tase him.

38. Without the consent of Plaintiff, Defendants indirectly caused Moncks Corner Police Officers and others to intentionally, harmfully, and offensively taser and touch Plaintiff while pursuing an investigation chaining and shackling Plaintiff in the police station.

39. Without the consent of Plaintiff, Defendants indirectly caused an unknown corrections officer at the Hill Finklea Detention Center to intentionally, harmfully, and offensively touch Plaintiff when conducting a body search.

40. Defendants Coastal Recovery Services are liable under the doctrine of respondeat superior.

## FOR A SEVENTH CAUSE OF ACTION
## CONSPIRACY

41. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 40 above with the same force and effect as if herein set forth.

42. All the Defendants **(a)** had an object to be accomplished; **(b)** had an agreement on the object or course of action; **(c)** performed one or more unlawful overt acts; and **(d)** caused Plaintiff damages that were a direct result of those acts.

43. In furtherance of their object, defendants did two or more overt acts against the plaintiffs. Those unlawful overt acts include, but are not limited to, the following:

**(a)** Boland advised and strategized with Heirs about how to get Plaintiff out of the picture.

**(b)** Boland intentionally misrepresented that Plaintiff interfered with acquiring the vehicle.

44. The defendants agreed that the object or course of action was to arrest, detain, and confine Plaintiff without probable cause, and maliciously charge and prosecute him with crimes.

45. Defendants Coastal Recovery Services are liable under the doctrine of respondeat superior.

46. Plaintiff suffered harm and damages that are a direct result of those acts.

## FOR AN EIGHTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 46 above with the same force and effect as if herein set forth.

48. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

49. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

50. The actions of the Defendants were the cause of Plaintiff's emotional distress and the emotional distress suffered by the Plaintiff was so severe that a reasonable person could not be expected to endure it.

51. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

52. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

## FOR A NINTH CAUSE OF ACTION
## NEGLIGENCE

53. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 52 above with the same force and effect as if herein set forth.

54. Defendants Coastal Recovery Service owed a duty to supervise or train their employees and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the swearing to charges without probable cause.

55. Defendants owed a duty to act according to the standard of ordinary care, to wit, to conduct a proper investigation, the failure of which was the proximate cause of Plaintiff's injury.

56. Defendants breached that duty by failing to act as an ordinary two truck driver would act, to wit, by failing to perform his duties and by failing adequately to control and to supervise his employees.

57. As a result of the acts and omissions of the Defendants, through its agent and employees, as alleged herein, Plaintiff was unlawfully detained and deprived of his freedom, he suffered emotional distress and mental anguish, he was fearful of the prospect of criminal prosecution and punishment for a crime which he had not committed, he was subject to ridicule and humiliation of those who witnessed his arrest

58. Plaintiff was required to expend monies to engage the services of an Attorney to defend the criminal charges, all of which were the direct and proximate result of the Defendants wrongful conduct as herein alleged.

## FOR A TENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 58 above with the same force and effect as if herein set forth.

60. Defendants continually negligently inflicted emotional distress on the Plaintiffs.

61. Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiffs.

62. Defendants breached their duties to the plaintiffs.

63. The plaintiff never interfered with the defendants' obligations under the above-described duties.

64. Plaintiff suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty.

65. Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

66. As a result of the Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer physical symptomatolo-gies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

**WHEREFORE**, Plaintiff demands judgment, including interest, jointly and severally against Defendants Coastal Recovery Services, Robert Boland and Kenneth Wilson Heirs, in an amount exceeding $300,000 and for such additional exemplary damages as may be awarded by the Trier of fact, for the cost of this action and for such further relief deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Respectfully submitted,

BENNETT LAW FIRM
By: /s/ Bennett
Shaheena Bennett, Attorney for Plaintiff
125-A West Main Street
Moncks Corner, SC 29461
843-719-2273
843-719-9675(fax)
Shaheena@bennettlawfirmllc.com

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BERKELEY ) | FOR THE NINTH JUDICIAL CIRCUIT |
| ) | |
| ANTHONY BUTLER ) | Case No.: 2011-CP-08-1670 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CERTIFICATE OF SERVICE |
| ) | JURY TRIAL DEMANDED |
| COASTAL RECOVERY SERVICES, ) | |
| KENNETH WILSON HEIRS ) | |
| & ROBERT BOLAND ) | |
| ) | |
| Defendants ) | |

The Plaintiff, ANTHONY BUTLER, , hereby certifies that on June 10, 2011, A Copy of the attached SUMMONS AND COMPLAINT, was placed in an envelope and sent to the DEFENDENT(s),Coastal Recovery Services, Robert Andrew Boland, and Kenneth Wilson Hiers, certified mail return receipt requested to the following last known addresses:

Coastal Recovery Services
1102 Bacons Bridge Road
Summerville, SC 29485

C.T. Corporation System
2 Office Park Court
Columbia, SC 29223

Robert Andrew Boland
113 Lanie Drive
Ladson, SC 29456

Kenneth Wilson Hier
114 Fresh Start Lane
Moncks Corner, SC 29461

Respectfully submitted,

BENNETT LAW FIRM
By: _____
Shaheena Bennett, Attorney for Plaintiff
125 West Main Street
Suite A
Moncks Corner, SC 29461
843-719-2273
843-719-9675(fax)

2011-CP-08-1670

STATE OF SOUTH CAROLINA        )
                               )        **VERIFICATION**
COUNTY OF BERKELEY             )


ANTHONY BUTLER, The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing SUMMONS AND COMPLAINT filed on my behalf, and the contents and allegations stated therein are true of my own knowledge, except as matters therein stated to be alleged on information and belief, and to those matters I believe them to be true.

Sworn to before me this

10th day of June, 2011

_____C. A. Crippenmah_____        _____
Notary Public of South Carolina                Signature of Plaintiff

My Commission Expires: _10-31-15_