IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

UNITED FINANCIAL CASUALTY ) 
COMPANY, )
                                         )    No. 2:11-cv-02897-DCN
           Plaintiff, )
                                         )
        vs. )
                                         )    **ORDER**
ANTHONY BUTLER, KENNETH )
WILSON HIERS, JOHN BOLAND, )
individually and d/b/a SOUTHCOAST )
TOWING RECOVERY, a/k/a )
SOUTHCOAST RECOVERY, ROBERT )
BOLAND, and GRALIN HAMPTON )
AUTO SALES, INC., )
                                         )
          Defendants. )
                                         )

This is a declaratory judgment action brought by an insurer. This matter comes before the court on a motion for summary judgment brought by plaintiff United Financial Casualty Company (United). For the reasons set forth below, the court grants the motion for summary judgment.

## I. BACKGROUND

### A. Procedural History

Butler filed a complaint in the Berkeley County Court of Common Pleas on June 20, 2011, and an amended complaint on August 22, 2011. United filed a declaratory judgment action in this court on October 25, 2011, to determine its rights and obligations under an insurance policy. United seeks a determination as to whether it owes Kenneth Hiers, John Boland, individually and d/b/a Southcoast Towing Recovery, a/k/a Southcoast Recovery (Southcoast Recovery), Robert Boland, and/or Gralin Hampton

1

Auto Sales, Inc. (Gralin Hampton) a duty to defend and/or indemnify in the underlying

state court action. United filed an amended complaint on November 8, 2011.

On December 27, 2011, Butler filed a motion to dismiss United's federal court

complaint or, in the alternative, to stay this case pending resolution of the underlying

state court action. The court held a hearing on February 21, 2012, but stayed resolution

of the motion until all defendants could be served. The court held another hearing on

September 6, 2012, during which it denied the motion to dismiss and motion to stay.

United filed a motion for default judgment and for summary judgment on January 23,

2013.[1] Butler filed a response in opposition on February 11, 2013, along with an answer

to the amended complaint.

### B. Factual Allegations

In his amended state court complaint, Butler alleges that on or about June 13,

2008, Kenneth Hiers and Robert Boland attempted to enter his property in Moncks

Corner with a tow truck owned by John Boland, d/b/a Southcoast Recovery. Am. State

Ct. Compl. ¶ 7. Despite asking them not to enter his property, Hiers and Boland entered

the property and attempted to remove a vehicle owned by someone other than Butler.[2]

Id. ¶ 8. According to Butler, Hiers and Boland were acting at the direction of Gralin

Hampton and Southcoast Recovery to repossess the vehicle. Id. ¶ 7.

Hiers and Boland called the Moncks Corner Police Department to report that

Butler had threatened them and pulled a shotgun on them. Id. ¶¶ 10, 14. Butler was

surrounded by officers and tased three times, causing him to fall to the ground and pass

out. Id. ¶ 11. Butler suffered serious injuries and required surgery on his arm. Id. ¶¶ 12,

---

[1] As stated at the hearing on this motion, the court denies the motion for default judgment.

[2] The vehicle was owned by Raymond and Wanda President. Id. ¶ 9.

17.  He was later charged with two counts of assault, but these charges were dropped on the day of trial.  Id. ¶ 16.  Butler sued in state court for false arrest, false imprisonment, refusing or neglecting to prevent unlawful conduct, malicious prosecution, malicious abuse of process, assault and battery, conspiracy, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress.

United underwrote a Commercial Automobile Insurance Policy issued to John Boland/Southcoast Recovery on March 27, 2008 and March 27, 2009.  See Am. Compl. Ex. 1.  The policy insures a 2004 Chevrolet automobile and provides coverage for "**bodily injury** or **property damage**:  1. sustained by an **insured**; 2. caused by an **accident**; and 3. arising out of the ownership, maintenance, or use of an **insured auto**." Id. at 4.  It further provides, "Coverage under this Part I, including **our** duty to defend, does not apply to:  1. **Bodily injury** or **property damage** either expected by or caused intentionally by or at the direction of any **insured**."  Id. at 22.

In its amended federal court complaint, United asserts it is entitled to a declaratory judgment that it does not owe a duty to defend or indemnify because the underlying incident does not trigger policy coverage, as Butler's alleged injuries did not arise out of the "ownership, maintenance, or use of an insured auto."  Am. Compl. ¶ 18.

## II.  STANDARDS

Summary judgment shall be granted if the movant shows there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the

dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  Id. at 255.

In South Carolina, "an insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law." Cook v. State Farm Auto. Ins. Co., 656 S.E.2d 784, 786 (S.C. Ct. App. 2008).  "It is well settled in South Carolina that provisions of an insurance policy are to be liberally construed in favor of the insured." State Farm Fire & Cas. Co. v. Barrett, 530 S.E.2d 132, 135 (S.C. Ct. App. 2000).  Courts must not "rewrite . . . or torture the meaning of a policy to extend coverage never intended by the parties." Torrington Co. v. Aetna Cas. & Sur. Co., 216 S.E.2d 547, 550 (S.C. 1975).  In the absence of ambiguity, "the insurance policy's terms must be interpreted and enforced according to their plan, ordinary, and popular meaning." Barrett, 530 S.E.2d at 135.  "In an action for a declaratory judgment, the obligation of a liability insurance company to defend and indemnify is determined by the allegations in the [underlying] complaint." Collins Holding Corp. v. Wausau Underwriters Ins. Co., 666 S.E.2d 897, 899 (S.C. 2008).

## III.  DISCUSSION

The parties agree that defendants Hiers and Boland drove to Butler's property to repossess a vehicle.  They drove in a tow truck covered by a Commercial Automobile Insurance Policy underwritten by United.  An insured is legally entitled to recover damages arising out of the "ownership, maintenance, or use" of an insured vehicle.  S.C. Code Ann. § 38-77-140.  In its motion for summary judgment, United contends no

coverage exists over the state court allegations because the alleged injuries to Butler did not arise out of the "ownership, maintenance, or use" of an insured vehicle.

Under South Carolina law, an injury arises out of the ownership, maintenance, or use of an automobile if: (1) there is a causal connection between the vehicle and the injury; (2) no act of independent significance broke the causal link; *and* (3) the vehicle was being used for transportation at the time of the assault. State Farm & Cas. Co. v. Aytes, 503 S.E.2d 744, 745 (S.C. 1998).

### A. Causal Connection

First, the South Carolina Supreme Court in Wausau Underwriters Insurance Co. v. Howser, 422 S.E.2d 106 (S.C. 1992), held that the causal connection requirement is satisfied where it can be shown that the vehicle was an "active accessory" to an assault. Moreover, the "injury must be foreseeably identifiable with the normal use of the vehicle." Aytes, 503 S.E.2d at 745-46. Compare Home Ins. Co. v. Towe, 441 S.E.2d 825 (S.C. 1994) (holding that automobile was active accessory giving rise to injuries when an assailant used the automobile to throw a bottle at a passenger in another car), with Carraway v. Smith, 467 S.E.2d 120, 121 (S.C. Ct. App. 1995) (holding that when assailant exited car prior to shooting, there was no "ongoing use of a vehicle . . . to carry out the attack").

Here, the injuries were allegedly inflicted upon Butler by a Moncks Corner police officer who did not ride in the covered vehicle nor have any connection to that vehicle. Butler argues, "Hiers admits that both he and Boland sat in the Truck when Law Enforcement arrived. Boland and Hiers watched as Mr. Butler was being assaulted." Defs.' Resp. Opp. 4. This argument actually supports United's contention that the tow

5

truck was not an "active accessory" to the assault.  Therefore, the court finds no causal

connection between the vehicle and alleged injuries.

### B.  Act of Independent Significance Breaking Causal Link

Next, assuming there was a causal connection between the covered vehicle and

the alleged assault, the court must decide whether an act of independent significance

broke the causal chain.  The question is whether the use of the vehicle and the assault

were "inextricably linked as one continuing assault."  Howser, 422 S.E.2d at 109.  In the

instant case, the tow truck was parked and had no involvement with the alleged assault.

Instead, it was the Moncks Corner Police Department that arrived on the scene and tased

Butler.  This finding is supported by Heirs' witness statement to police, in which he

wrote that after "the police showed up . . . we stayed in the truck after that."  Defs.' Resp.

Opp. Ex. 2.  As such, the court finds that an act of independent significance broke any

causal link between the covered vehicle and Butler's injuries.

### C.  Use for Transportation at the Time of Assault

Finally, assuming the first two elements were met, the covered vehicle would

have to have been used for transportation purposes at the time of the tasing.  It appears to

be undisputed that the vehicle was parked when the tasing occurred, and courts have held

that in such cases the vehicle was not being used for transportation at the time of the

assault.  See Nationwide Prop. & Cas. Co. v. Lain, 402 F. Supp. 2d 644, 650 (D.S.C.

2005) ("It is undisputed that Oliver parked the vehicle, got into the backseat, and

strangled Ms. Lain to death.  Therefore, in light of Aytes, the court concludes that at the

time of the injury, when Oliver strangled Ms. Lain, the vehicle was not being used for

transportation.").

In sum, after reviewing the allegations of the underlying complaint, the court

finds three independent reasons why the injuries alleged by Butler did not arise from the

"ownership, maintenance, or use" of an insured vehicle.  Therefore, United has no duty to

defend or indemnify.

### IV.   CONCLUSION

Based on the foregoing, the court **GRANTS** plaintiff's motion for summary

judgment.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 18, 2013**
**Charleston, South Carolina**